Civil Action No. 10-cv-01506-MSK-BNB

JULY L. PERU,

        Plaintiff,

v.

T-MOBILE USA, INC.,

        Defendant.

---

## ORDER UNSEALING COMPLAINT AND MODIFYING CAPTION

---

**THIS MATTER** comes before the Court *sua sponte*.

On June 25, 2010, the *pro se* Plaintiff filed this action, submitted a Complaint (**# 1**) styled

*Jane Doe v. T-Mobile USA, Inc.* The action alleges claims sounding in violations of the

Americans With Disabilities Act, the Family and Medical Leave Act, common-law breach of

contract, promissory estoppel, and wrongful discharge in violation of public policy.

When tendering the Complaint for filing, the Plaintiff requested, and the Clerk's Office

apparently permitted, the Complaint to be filed under seal. The Plaintiff did not file a Motion to

Seal as required by D.C. Colo. L. Civ. R. 7.2(a), (c), but the initial paragraphs of her  Complaint

are entitled "Motion to Preserve Anonymity," and state that the Plaintiff is "actively seeking

replacement work" and is concerned that "potential employers undertake background

investigations" and would likely discover the pendency of this lawsuit and the fact that the

Plaintiff has a disability. Although not expressly stated, it appears that the Plaintiff believes that

1

putative employers might discriminate against her because of that knowledge. She contends that "any opposition to protecting her identity . . . serves no purpose."

In considering the Plaintiff's filings, the Court is mindful of her *pro se* status, and accordingly, reads her pleadings liberally. *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972). However, such liberal construction is intended merely to overlook technical formatting errors and other defects in the Plaintiff's use of legal terminology and proper English. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). *Pro se* status does not relieve the Plaintiff of the duty to comply with the various rules and procedures governing litigants and counsel or the requirements of the substantive law, and in these regards, the Court will treat the Plaintiff according to the same standard as counsel licensed to practice law before the bar of this Court. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

Local Rule 7.2 is a procedural rule that applies with equal force to *pro se* litigants and attorneys alike. It requires that any request to seal a filing be presented in a Motion to Seal that contains certain information, D.C. Colo. L. Civ. R. 7.2(c), and is posted for public inspection, D.C. Colo. L. Civ. R. 7.2(e). Even if the Court were to treat the initial paragraphs of the Plaintiff's Complaint as a Motion to Seal, such a request is procedurally deficient, insofar as the request for sealing is not presented in a separate motion – one which can be made available for public inspection – and fails to adequately address the elements listed in Rule 7.2(c). For this reason alone, the Court would deny the request to seal as procedurally deficient.

Even if the Court were to treat the Plaintiff's request for sealing of the Complaint (and implicit request to proceed anonymously), the Court would nevertheless deny it on its merits as

well.  The Supreme Court acknowledged a common-law right of public access to judicial records

in *Nixon v. Warner Communications, Inc.,* 435 U.S. 589, 597 (1978).  This right is premised

upon the recognition that public monitoring of the courts fosters important values such as respect

for the legal system.  *See In re Providence Journal Co.*, 293 F.3d 1, 9 (1st Cir. 2002).  Judges

have a responsibility to avoid secrecy in court proceedings because "secret court proceedings are

anathema to a free society."  *M.M. v. Zavaras*, 939 F. Supp. 799, 801 (D. Colo. 1996) (J. Kane).

There is a presumption that documents essential to the judicial process are to be available to the

public, but they may be sealed when the public's right of access is outweighed by interests which

favor nondisclosure.  *See United States v. McVeigh*, 119 F.3d 806, 811 (10th Cir. 1997).  A

strong showing that privacy interests outweigh the public interest is required to ensure public

confidence in the judicial process; it is critical that the public be able to review the factual basis

of this Court's decisions and evaluate the Court's rationale so that it may be confident that the

Court is functioning as a neutral arbiter.  *Cf. McVeigh*, 119 F.3d at 814.

Here, although the Court understands the Plaintiff's concern that certain private facts

about her will be revealed in this litigation, the Court finds that the Plaintiff has failed to show

that that concern outweighs the significant public interest in full access to judicial records.  The

fact of the Plaintiff's physical and mental infirmities is the very core of at least two of the claims

herein, and thus, the public has an substantial interest in being apprised of the nature and extent

of those disabilities as part of the its role in overseeing the Court's exercise of its judicial power.

Concealing those facts would essentially deprive the public of any ability to review and evaluate

the decisions made by the Court.  Weighed against that powerful public interest in access, the

Plaintiff has made a fairly weak showing of any potential harm to her privacy interests.  Her

concerns that prospective employers might anticipatorily discriminate against her based on the her filing of this action or the facts revealed therein is unfounded, as the law already prohibits (and provides a remedy for) discrimination or retaliation by a prospective employer against applicants in these circumstances. *See generally Kelley v. Goodyear Tire & Rubber Co.,* 220 F.3d 1174, 1179 (10th Cir. 2000) (discussing employee's claim that prospective employer retaliated against him for filing complaint against prior employer); *Nilsson v. City of Mesa*, 503 F.3d 947, 954-55 & n. 3 (9th Cir. 2007) (same). The fact that the Plaintiff's disability claims will entail the revelation of information about her health and medical condition does implicate some personal privacy interests, but, as noted above, when she elects to bring a legal claim to which her medical condition is central, that privacy interest will almost always have to yield to the public interest in open judicial proceedings.

Finally, although one might say that the Plaintiff's request to proceed anonymously might constitute the type of "less restrictive alternative" to sealing contemplated by Local Rule 7.2(c)(4) – in that it preserves the public's ability to review the Court's records and rulings on their merits without necessarily being able to associate the underlying facts with the Plaintiff personally – the Court nevertheless finds both practical and legal objections to such a practice persuasive. In a practical sense, anonymous litigation imposes great burdens on all involved – parties, attorneys, witnesses, and court staff – to ensure that the anonymous party's identity is never actually revealed. Exhibits that identify the anonymous party by name must be carefully redacted (a burden that will be particularly prominent in a case such as this, where many personnel records will likely be tendered as exhibits); deposition transcripts must be extensively sanitized to substitute the pseudonym for the party's real name; where, as here, the anonymous

party proceeds *pro se*, court records such as Certificates of Mailing must conceal the party's identity yet still allow for effective communication between the Court and the party; witness testimony at trial must be carefully moderated to ensure that the anonymous party is not actually identified; etc. These extensive burdens outweigh any minimal privacy interest that the Plaintiff may have in proceeding anonymously.

Moreover, from a legal standpoint, the decision of whether to permit a party to proceed anonymously requires a balancing of several factors: (i) the severity of the threatened harm; (ii) the reasonableness of the party's fears; (iii) the party's vulnerability to such retaliation; (iv) the prejudice to the opposing party; and (v) the public interests involved. *See Doe v. Kamehameha Schools*, 596 F.3d 1036, 1042 (9th Cir. 2010). The Court finds that the first several factors – those that relate to the potential harm to be suffered by the Plaintiff – are largely speculative and ephemeral. The Plaintiff has offered no facts that suggest that her fears of retaliation by other employers is anything more than her own outright speculation as to what <u>might</u> happen. *Compare Doe* 596 F.3d at 1044 ("fear of severe harm is irrelevant" if plaintiff's fear is not reasonable). The harm feared by the Plaintiff here is precisely the same harm that most employment discrimination plaintiffs face, and yet there is no tradition of anonymous employment discrimination litigation. As stated above, the law both proscribes and provides a remedy for any discrimination or retaliation that occurs because of the Plaintiff's pursuit of this action, thus making it highly unlikely that the Plaintiff will actually suffer the harm she fears. Weighed against these factors is a presumption against anonymous litigation, based on the same public interests discussed above. *Id.* at 1042. Taking all of the factors into consideration, the Court finds that the Plaintiff has failed to overcome the presumption that the litigation must be

conducted in her true name.

Accordingly, the Court directs that, to the extent a Motion to Seal the Complaint can be discerned on this record, the motion is **DENIED**.  The Clerk of the Court shall **UNSEAL** all filings to date in this case (as well as the action itself, to the extent that the entire action has been subject to seal).  The caption of the case is **AMENDED** to reflect that shown in this Order, and the Clerk of the Court shall modify the Court's docket records accordingly.

Dated this 7th day of July, 2010

BY THE COURT:

Marcia S. Krieger
United States District Judge