IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 10-cv-01506-MSK-BNB

JULY L. PERU,

Plaintiff,

v.

T-MOBILE USA, INC.,

Defendant.

_____

**ORDER**
_____

This matter arises on two identical motions, each captioned **Motion to Withdraw Documents** (the "Motions"), filed by the plaintiff on May 10, 2011. See Docs. ## 58 and 59. The Motions are granted as specified.

The plaintiff requests that the court "order the withdrawal of four (4) certain documents which were not properly redacted prior to filing in the ECF filing system as required by Federal Rules of Civil Procedure Rule 5.2(a)." The documents consist of two separate pages of exhibits to the plaintiff's motion for protective order [Doc #42, Ex. 2, pp. 1, 2] and two separate pages of the defendant's response to the motion for protective order [Doc. #45, Ex. 1, pp. 1, 2]. The pages each contain the plaintiff's Social Security number and birth date.

Rule 5.2(a), Fed. R. Civ. P., provides that a party filing documents that contain an individual's Social Security number or birth date may redact all but the last four digits of the Social Security number and all but the year of the individual's birth. These redactions must be made at the time of filing. "A person waives the protection of Rule 5.2(a) as to the person's own

information by filing it without redaction and not under seal." Fed. R. Civ. P. 5.2(h).

Rule 6(b)(1) states that when an act must be done within a specified time, the court may extend the time "on motion made after the time has expired if the party failed to act because of excusable neglect." Excusable neglect includes inadvertence, mistake, and carelessness. United States v. Torres, 372 F.3d 1159, 1162 (10th Cir. 2004). In determining whether neglect is excusable, the court considers the danger of prejudice to the nonmoving party; the length of the delay and its potential impact on judicial proceedings; the reason for the delay, including whether it was within the reasonable control of the movant; and whether the movant acted in good faith. Id.

The defendant does not object to the Motions. In addition, the plaintiff's actions appear to be inadvertent and due to her *pro se* status, and not the result of bad faith. Accordingly,

IT IS ORDERED that the Motions are GRANTED as follows:

1. Documents ## 42 and 45 shall be placed under seal;

2. The parties shall re-file these documents after making the proper redactions; and

3. The Clerk of the Court shall accept the re-filed documents as replacements for documents ## 42 and 45, and not as pending matters.

Dated May 24, 2011.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge