IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 10-cv-01506-MSK-BNB

JULY L. PERU,

Plaintiff,

v.

T-MOBILE USA, INC.,

Defendant.

_____

**AMENDED ORDER**[1]
_____

This matter arises on the following:

(1) Plaintiff's **Motion to Compel Production of Documents** [Doc. # 74, filed 9/7/2011] (the "Motion to Compel Production");

(2) Plaintiff's **Motion to Compel Answers to Interrogatories** [Doc. # 81, filed 9/19/2011] (the "Motion to Compel Answers"); and

(3) Plaintiff's **Motion to Compel Answers to Plaintiff's Requests for Admission** [Doc. # 82, filed 9/19/2011] (the "Motion to Compel Admissions").

I held a hearing on the motions ~~this afternoon~~ **on November 21, 2011,** and made rulings on the record, which are incorporated here.

IT IS ORDERED:

(1) The Motion to Compel Production [Doc. # 74] is DENIED in part, and DENIED

---

[1] The amendment to the Order [Doc. # 103, filed 11/21/2011] is required to replace the word "plaintiff" with the word "defendant" on p. 3. The amendment is marked in **bold**.

without prejudice in part, as follows:

> • DENIED with respect to Requests A, B, and C;
>
> • DENIED without prejudice in all other respects.

The parties are directed to engage in a meaningful conference pursuant to D.C.COLO.LCivR 7.1A.  The plaintiff shall provide to the defendant on or before December 16, 2011, a written description which clearly sets forth all remaining disputes she has about the defendant's responses to her production requests.  The defendant shall respond in writing on or before January 6, 2012.  In the event all disputes are not resolved, the plaintiff and defense counsel shall meet in person on or before January 29, 2012, to attempt to resolve any remaining issues.  Thereafter, if all disputes are not fully resolved, the plaintiff may file a renewed motion addressing the remaining disputes.  I anticipate that all or nearly all disputes will be resolved through the Rule 7.1A conference process.

(2)     The Motion to Compel Answers [Doc. # 81] is DENIED in part; DENIED as moot in part; and DENIED without prejudice in part as follows:

> • DENIED with respect to Interrogatories 1, 2, 3, and 4;
>
> • DENIED as moot with respect to Interrogatories 15, 16, and 17; and
>
> • DENIED without prejudice with respect to Interrogatory 10, about which the

parties are directed to have a meaningful Rule 7.1A conference subject to the same requirements and timetable as I have established with respect to the remaining disputed Requests for Production.

(3)     The Motion to Compel Admissions [Doc. # 82] is GRANTED in part and DENIED in part as follows:

• GRANTED with respect to Request Nos. 5, 7, 10, 12, and 15. The Requests are rephrased as follows:

> Request No. 5: Admit that no employees other than the Plaintiff has been assigned a shift accommodation of reduced schedule, citing personal reasons, by T-Mobile staff.
>
> Request No. 7: Admit that it is standard operating procedure for T-Mobile's Medical Review officer to negotiate the accommodation terms set forth by the employee's treating physician.
>
> Request No. 10: . . . . Admit that in fact there are documents in existence where you stated there were none.
>
> Request No. 12: Admit that the plaintiff did explain to Janis Ellsworth during Ellsworth's investigation that Plaintiff was suffering from statistical damage, stress, misappropriation of hours, or tension with her supervisor.
>
> Request No. 15: Admit that it is true that there was no algorithm in place to adjust the commission goal for representatives in the Customer Loyalty Department who utilized FMLA accommodation of intermittent leaves, and any point during 2007 and 2008.

The ~~plaintiff~~ **defendant** shall provide a supplemental response to these requests for admission, in full compliance with the formalities of the Federal Rules of Civil Procedure, on or before December 9, 2011.

• DENIED in all other respects.

Dated December 13, 2011.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge